

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 9, 1971

Honorable Robert S. Calvert
State Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. M- 790

Re: Duty of State Comp-
troller to withhold
issuance of state
warrants to state
agency, department
or employee against
whom complaint is made
of discrimination un-
der Article 6252-16,
Vernon's Civil Statutes.

Dear Mr. Calvert:

You have requested an official opinion from this office con-
cerning the above subject which is restated as follows:

"Does the Comptroller have the affirmative duty
to withhold issuance of any state warrants to any
state department or agency, or any person employed
by such department or agency, simply because com-
plaint is made to him that such department, agency,
or person may be discriminating against some person
in violation of Article 6252-16, Vernon's Civil
Statutes?"

A careful study of Article 6252-16, Vernon's Civil Statutes,
shows eight (8) listed prohibitions against discriminatory prac-
tices by state or local government officers or employees in
Section 1 of said Article.

Section 2 of said Article gives the equitable remedy for
violations under Section 1, as follows:

"Whenever a person has engaged, or there are rea-
sonable grounds to believe that a person is about to
engage in an act or practice prohibited by Section 1
of this Act, a civil action for preventive relief,
including an application for a permanent or temporary
injunction, restraining order, or other order, may be

-3842-

instituted by the person aggrieved. In an action commenced under this Section, the court, in its discretion, may allow the prevailing party, other than the state, a reasonable attorney's fee as part of the costs, and the state is liable for costs the same as a private person."

Section 3 of said Article states the penal provisions for violation as follows:

"A person who knowingly violates a provision of this Act is guilty of a misdemeanor and upon conviction is punishable by a fine of not more than One Thousand Dollars ($1,000) or by imprisonment in the county jail for not more than one year or by both."

This Act in no way authorizes the Comptroller, or gives to him a duty of any kind, to withhold issuance of any state warrants to any state department or agency, or employee, simply because a complaint is made to him that such department, agency, or employee may be discriminating against some person in violation of the Act. The provisions herein are clear as to the remedies for a violation. They must be deemed exclusive, since it is settled that, " ... When a specific remedy is provided for the enforcement of a statutory right, the remedy is exclusive." 53 Tex.Jur.2d 16 Statutes, Sec. 8, and numerous authorities there cited.

The answer to your question must accordingly be in the negative.

## S U M M A R Y

The State Comptroller does not have an affirmative duty to withhold issuance of any state warrants to any state department, agency, or employee, simply because a complaint is made to him that such department or agency, or employee, may be discriminating against some person in violation of Article 6252-16, Vernon's Civil Statutes. The statutory remedies for violation are exclusive.

Honorable Robert S. Calvert, page 3. (M-790)

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Sam Jones
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Max Hamilton
Steve Hollahan
Charles Parrett
Gordon Cass

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant